# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

MICHAEL MOODY,

               Plaintiff,

v.

               CASE NO.:

CIRCLE K STORES, INC., a Foreign Profit
Corporation, and JANE DOE,

               Defendants.

_____

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, CIRCLE K STORES, INC. ("Defendant"), hereby gives this Notice of Removal of the above captioned action from the Circuit Court of the Eighth Judicial Circuit, in and for Levy County, Florida, in which this action is now pending, to the United States District Court, Northern District of Florida, Gainesville Division, and respectfully represents as follows:

1. This action was filed in Levy County Circuit Court on March 23, 2023.[1] On or about June 5, 2023, a Complaint was served on Defendant. The civil action entitled *Michael Moody v. Circle K Stores, Inc., a Foreign Profit Corporation, and Jane Doe*, was commenced in the Circuit Court, Eighth Judicial Circuit, in and for Levy County, Florida, and assigned Case Number 2023-CA-000127. A copy of the

---

[1] Removal is timely under 28 U.S.C. §1446(b)(3) because Defendant's Notice of Removal was filed within 30 days of the "other paper" upon which the case first became removable.

Amended Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as composite **Exhibit A**.

2. As discussed below, there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds $75,000.00; accordingly, this removal action is proper.

## CITIZENSHIP

3. There is complete diversity of citizenship between the parties to this cause. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

4. MICHAEL MOODY ("Plaintiff") is a citizen of the State of Florida. *See* Pl.'s Am. Compl., ¶ 2, attached within composite **Exhibit A**.

5. Defendant, CIRCLE K STORES, INC., is a Foreign Profit Corporation duly organized under Texas Law with its principal place of business in Arizona. Defendant's Foreign Profit Corporation Annual Report and Florida Department of State, Division of Corporations, Filing Status are attached hereto as composite **Exhibit B**. Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a "citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." *See also Riley v. Merrill Lynch, Pierce, Fenner and Smith*, 292 F. 3d 1334, 1337-1338 (11th Cir.

2002). Accordingly, Defendant is a citizen of the State of Texas and the State of Arizona.

6. Because Defendant, JANE DOE, is unnamed in the Complaint, her citizenship is disregarded for removal purposes. *See* 28 U.S. C. 1441 (b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendant sued under fictitious names shall be disregarded."). *See also Laposa v. Walmart Stores East LP*, 2020 WL 2301446, at*2 (M.D. Fla. May 8, 2020) (noting that even if "the fictitious defendants were likely not diverse, their citizenship must be disregarded for purposes of diversity jurisdiction") (citing *Smith v. Comcast Corp.*, 786 Fed.App'x 935, 939 (11th Cir. 2019)). Accordingly, the citizenship of Jane Doe must be disregarded for purposes of removal.

7. Thus, Plaintiff and Defendant are diverse, as Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the State of Texas and the State of Arizona.

**AMOUNT IN CONTROVERSY**

8. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this action exceeds $75,000.00. Plaintiff's Complaint states the amount in controversy exceeds $50,000.00. Plaintiff's Civil Cover Sheet states the amount in controversy exceeds $100,000.00. Plaintiff's Complaint states he sustained permanent injuries

which will require future medical treatment and Plaintiff has previously refused to stipulate he is seeking less than $75,000.00. Accordingly, the record shows that the amount in controversy exceeds $75,000.00.

9. In determining the amount in controversy, where the "plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015). Further, a court's analysis focuses on how much is in controversy at the time of removal. *Pretka v. Kolter City Plaza IL Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). It is less a prediction of "how much the plaintiffs are ultimately likely to recover," than it is an estimate of how much will be put at issue during the litigation. *ld.*; *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

10. This is a purported negligence action brought by Plaintiff against Defendant. As is expressly referenced in the Complaint, Plaintiff seeks damages in excess of $50,000.00. *See* Pl.'s Compl., ¶ 1, attached within composite **Exhibit A**. Moreover, Plaintiff indicated on his civil cover sheet that the amount in controversy

exceeds $100,000.00. Plaintiff's civil cover sheet is attached hereto as **Exhibit C**. Courts in the Middle District of Florida have recently held that the civil cover sheet is an "other paper" that the Court may look at in assessing whether the amount in controversy exceeds $75,000. *See Soto Rios v. Wal-Mart Stores East, LP*, 2022 WL 2384021 (M.D. Fla. July 1, 2022) (granting plaintiff's motion to remand and holding that defendant was untimely in waiting to remove the case until it received discovery responses because the civil cover sheet was an "other paper" which began the clock for removal purposes). *See also Seaman v. Holiday CVS,* LLC, 3:22-cv-76-BJD-PDB (M.D. Fla. July 12, 2022) (denying plaintiff's motion to remand and holding that the information contained in the state court civil cover sheet is considered "other paper" for purposes of determining whether removal is proper).[2]

11.     Importantly, the evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka,* 608 F. 3d at 755.  Additionally, Plaintiff's claimed need for ongoing medical treatment can be taken into account when determining the amount in controversy.  *See La Rocca v. Stahlheber*, 676 F.Supp.2d

---

[2] Defendant acknowledges that there are also Middle District opinions holding the opposite, but in an abundance of caution and to ensure that Defendant does not waive its right to remove the case to federal court, Defendant is proceeding based on these recent opinions.

1347 at 1350 (S.D. Fla. 2009). Plaintiff alleges in his Complaint that he suffered permanent losses that will require future medical treatment, including:

      a.    Physical Injuries to his Body and Extremities;
      b.    Pain and Suffering;
      c.    Disability;
      d.    Disfigurement;
      e.    Permanent Scarring;
      f.    Mental Anguish;
      g.    Loss of Capacity for the Enjoyment of Life;
      h.    Expenses of Hospitalization;
      i.    Medical and Nursing Care and Treatment;
      j.    Loss of Earning;
      k.    Loss of Ability to Earn Money; and
      l.    Aggravation of a Previously Existing Condition.

*See* Pl.s' Compl., ¶ 17, attached within composite **Exhibit A**.

      12.    Further, while not dispositive, the Court has established that consideration may also be given to a plaintiff's refusal to stipulate that the amount in controversy will not exceed the jurisdictional threshold. *Yetter v. Arnica Mutual Ins. Co., 2013 U.S. Dist. LEXIS 103539*, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013) (The defendant sought to have the plaintiff stipulate that damages in excess of $75,000 would not be sought, awarded, or collected, but Plaintiff's counsel declined to do so). Indeed, "[the] plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy." *White v. State Farm Mut. Auto Ins. Co.*, 3:13-CV-765-J-99TLC-PDB, 2013 WL 6061890 at 6 (M.D. Fla. Nov. 18, 2013). Here, Plaintiff has previously refused to stipulate that he seeks less than $75,000.00 in

damages. *See* correspondence between counsel for Plaintiff and counsel for Defendant, attached hereto as **Exhibit D**. Plaintiff holds the key to unlock any mystery surrounding the value of his case. Plaintiff can, by stipulation or motion, solve the valuation mystery by simply informing counsel for Defendant and the Court that he is not seeking an amount in excess of $75,000; however, Plaintiff's refusal to do so is telling. If Plaintiff believed the value of his case was below $75,000.00, he would surely advise of same to save the judicial resources of this Court and make remand appropriate.

13.   Therefore, the amount in controversy inarguably exceeds $75,000.00 for the reasons stated above.

## **CONCLUSION**

14.   Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

15.   Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Circuit Court of the Eighth Judicial Circuit, in and for Levy County, Florida.

16. Defendant has served the instant Notice of Removal on Plaintiff's counsel on June 23, 2023. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Eighth Judicial Circuit.

17. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

18. Defendant reserves the right to amend and/or supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation.

**WHEREFORE**, Defendant respectfully requests that this action, now pending in the Eighth Judicial Circuit in and for Levy County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

**RESPECTFULLY SUBMITTED**, this 23rd day of June 2023.

*/s/ Alison H. Sausaman*
Alison H. Sausaman
Florida Bar No. 0112552
Jordan R. Parks
Florida Bar No. 1041275
CARR ALLISON
The Truist Tower
200 West Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email: asausaman@carrallison.com

Email: jparks@carrallison.com
Secondary Email: dwhite@carrallison.com
Secondary Email: jgrosskruger@carrallison.com
*Attorneys for Defendant Circle K Stores, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 23, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Matthew Wasserman
MORGAN & MORGAN, P.A.
20 N Orange Avenue, Suite 1600
Orlando, Florida 32801
Email: mwasserman@forthepeople.com
Secondary Email: morganservice@forthepeople.com
*Attorneys for Plaintiff*

*/s/ Alison H. Sausaman*
Alison H. Sausaman
Jordan R. Parks
*Attorney for Defendant*